IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**KAREN HOWDEN WEAVER,**

      Plaintiff,

v.                                                         No. CIV 03-281 BB/LFG

**MARTIN CHAVEZ and the
CITY OF ALBUQUERQUE,**

      Defendants.

## MEMORANDUM OPINION
## AND
## ORDER DENYING ATTORNEYS' FEES

**THIS MATTER** is before the Court on Defendants' Motion to Tax Costs and Attorneys' Fees [Doc. #87], and the Court being fully advised, finds the motion lacks compelling authority, and it will be Denied.

### *Discussion*

**Plaintiff** Karen Howden Weaver was employed as an Assistant City Attorney in the City of Albuquerque Legal Department for six and a half years. She served at the pleasure of the Mayor of the City of Albuquerque. In June of 2003, Plaintiff brought this suit against Mayor Martin Chavez and the City of Albuquerque alleging that she was improperly dismissed in July of 2002 in retaliation for her criticism of gender discrimination with the Legal Department, her support of the Mayor's opponent in the

2001 mayoral election, and her subsequent criticism of the Mayor's hiring and promotion decisions.

Each of Plaintiff's claims was resolved in favor of Defendants at various stages. Although the jury found Plaintiff suffered damages, no claims succeeded in the end and Final Judgment was entered for Defendants on April 22, 2004.  However, in addition to prevailing on the merits,  Defendants must show the case was "frivolous, unreasonable or without foundation" in order to be awarded attorneys' fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).  Defendants argue the following will support a finding Plaintiff's case is frivolous, unreasonable, and without foundation:

> (1) plaintiff continued to pursue her Title VII gender discrimination claim until the eve of trial, forcing defendants to prepare their Trial Brief, jury instructions and witness outlines/exhibits to include the Title VII claims; (2) plaintiff offered no evidence other than timing that supported her First Amendment/Retaliation claim based upon her support of Bob Schwartz in the mayoral campaign and this count was dismissed at the conclusion of plaintiff's case; (3) plaintiff submitted a Motion for Judgment and New Trial which was without foundation forcing defendants to incur the cost of responding thereto; (4) plaintiff had minimal damages, which the jury found were not causally related to defendants' actions.

Defs.' Mem. in Supp. at 2.

In considering such a claim, the court must avoid "hindsight logic."  *Id*., 434 US. at 421.  District courts must therefore resist the temptation to engage in post hoc reasoning by concluding that because plaintiff did not prevail, the claim must have been frivolous.  *Id.; see also Blue v. United States Dept. of the Army*, 914 F.2d 525 (4th Cir.

1990). However, fees should be awarded once as it becomes clear a case is frivolous. *Crabtree v. Muchmore*, 904 F.2d 1475 (10th Cir. 1990).

This standard requires rejection of Defendants' First Amendment argument. Sufficient evidence was adduced to allow this claim to survive summary judgment and was not dismissed until the close of Plaintiff's case. When the claims required the close attention and careful legal analysis of the Court, it goes without saying they are not frivolous. *Hughes v. Rowe*, 449 U.S. 5, 15-6 (1980); *Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222*, 297 F.3d 1146, 1153 (10th Cir. 2002); *Walker v. NationsBank of Florida*, 53 F.3d 1548 (11th Cir. 1995).

At the summary judgment stage Defendants failed to fully brief their challenge to Plaintiff's Title VII claim and summary judgment was therefore denied. (Mem. Op. 2/26/04 at 19.) Plaintiff then abandoned this claim on the eve of trial. In light of their failure to press the issue before trial, it is difficult to find sympathy for Defendants' argument that they were forced to prepare their trial brief, jury instructions, and witness list before Plaintiff abandoned this claim.

Nor does the fact the jury awarded Plaintiff minimal damages and found a lack of proximate cause support attorneys' fees for Defendants. *Parker v. Sony Pictures Entertainment, Inc.*, 260 F.3d 100, 111-114 (2d Cir. 2001); *Akrabawi v. Carnes Co.*, 152 F.3d 688, 697-697 (7th Cir. 1998). Finally, the fact Plaintiff requested rehearing and ultimately appealed the Court's judgment does not provide proof the case was frivolous;

if anything, it demonstrates that Plaintiff's counsel is willing to risk his resources because he believes the case is meritorious.

## O R D E R

Based on the above reasoning, Defendants' Motion for Attorneys' Fees is DENIED.

SO ORDERED this 1st day of July, 2004.

                                                    **BRUCE D. BLACK**
                                                    **United States District Judge**

**For Plaintiff:**
    J. Douglas Foster, Kathryn D. Lucero, FOSTER JOHNSON MCDONALD LUCERO KOINIS, Albuquerque, NM
**For Defendants:**
    Deborah D. Wells, KENNEDY MOULTON & WELLS, Albuquerque, NM